UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| STORM TEAM CONSTRUCTION, INC., | : | |
| Plaintiff, | : | COMPLAINT |
| | : | (JURY TRIAL DEMANDED) |
| v. | : | |
| | : | |
| OWNERS INSURANCE COMPANY D/B/A AUTO-OWNERS INSURANCE GROUP | : | CIVIL ACTION NO. _____ |
| | : | |
| Defendant. | : | |

COMES NOW Plaintiff Storm Team Construction, Inc. ("Storm Team") and files its Complaint against Defendant Owners Insurance Company d/b/a Auto-Owners Insurance Group ("Owners"), and shows the Court as follows:

## INTRODUCTION

1. This matter involves a declaration of the obligation of Defendant to participate in appraisal of a claim for physical damage resulting from a hailstorm at a property located in Greer, SC which consists of multi-unit residential townhomes under an insurance policy providing coverage, Defendant's breach of its obligations under that policy and Defendant's bad faith refusal to participate in the appraisal process in good faith and failure to pay Plaintiff the full amount of benefits owed under the insurance policy covering the property.

## THE PARTIES

2. Plaintiff Strom Team Construction, Inc. ("Storm Team") is a corporation with its principal place of business in Jupiter, Florida.

3. Defendant Owners Insurance Company d/b/a Auto-Owners Insurance Group ("Owners") is a Michigan insurance company that underwrites, among other things, property, casualty, and wind or hail loss insurance policies in the State of South Carolina. Owners is authorized to conduct insurance business in the State of South Carolina and may be served with a copy of the Summons and Complaint on the South Carolina Department of Insurance pursuant to the provisions of S.C. Code Ann. §§ 15-9-270 and § 38-5-70.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims raised herein occurred in this judicial district within the meaning of 28 U.S.C. § 1391(b)(2).

6. Pursuant to Local Rule 3.01(A)(1), filing is proper in the Greenville Division because a substantial part of the events or omissions giving rise to the claim occurred in the Greenville Division.

7. Among other things, this claim seeks declarations under 28 U.S.C. §§ 2201(a) and/or S.C. Code Ann.§§ 15-53-10.

## FACTUAL BACKGROUND

8. Foxfield Commons Townhomes HOA ("Foxfield") oversees a set of multiunit, multi-building townhomes located at 30 Huntress Drive, Greer, South Carolina 29651 (the "Property").

9. On or about September 17, 2018, the Property was insured by Defendant Owners against damage, including, *inter alia*, wind and hailstorm damage, Policy No. 49-262-377-00 (the "Policy"). The policy period for the Policy issued by Defendant Owners was from September 17, 2018 to September 17, 2019.

10. As a result, Foxfield is a Named Insured and/or is otherwise insured and entitled to benefits under the Policy. The issuance of the Policy by Defendant Owners created a binding contract of insurance between Foxfield and Defendant Owners and gave rise to a contractual relationship between Foxfield and Defendant Owners.

11. On or about September 27, 2018, during the policy period, a major hailstorm hit the Greer, South Carolina area and damaged the Property.

12. As a direct and proximate result of the storm, the Property was severely damaged, including damage to the roofs of the Property.

13. Foxfield subsequently filed a claim—Claim No. 56-21-2019—on its Policy for the hailstorm damage sustained by the Property on or about September 27, 2018.

14. On or about May 8, 2019, Foxfield assigned the insurance benefits of the claim under the Policy to Plaintiff Storm Team, as allowed by the laws of South Carolina. Plaintiff Storm Team conducted a thorough inspection and estimated the full amount of covered damages caused by the storm to be $420,251.79.

15. Defendant Owners' assigned adjuster Billy Chambers to the claim who inspected the property and found damages to be in the amount of $197,405.76 Actual Cash Value and $273,390.34 Replacement Cost Value, respectfully. However, this estimate was created using a

price list that was two years old. Plaintiff immediately notified Defendant Owners of this error, but they refused to adjust their estimate by using a current price list.

16.     Defendant Owners' desk adjuster Greg Hinson then intentionally disregarded Owner's own estimate—which was already undervalued due the use of the outdated price list—and arbitrarily set and issued payment for an Actual Cost Value of $125,000 on October 30, 2019

17.     On January 11, 2020, Plaintiff Storm Team—because the parties agreed on the scope of damage but disagreed on price—attempted to invoke appraisal pursuant to the appraisal provision from the Policy. However, Defendant Owners failed to designate an impartial appraiser and instead designated Jim Walsh, an attorney who represents Defendant Owners with several of their claims. Defendant Owners refused to redesignate an impartial appraiser.

18.     Despite Defendant Owners refusal to engage in the appraisal process, Plaintiff Storm Team began making the necessary repairs to the Property. Plaintiff Storm Team sent Defendant Owners a certificate of completion on April 21, 2020 after repairs were completed. Plaintiff Storm Team requested Defendant Owners to release the $75,984.58 in depreciation from Mr. Chambers' original estimate along with the additional $75,984.58 Mr. Hinson arbitrarily removed from that estimate leading Defendant Owners to only issue payment of $125,000.

19.     Defendant Owners' failed to rely on its own's adjuster's original low estimate by releasing $147,390.34 in depreciation and wrongfully withheld damages. Instead, Defendant Owners' s inexplicably relied on an even lower third-party estimate it obtained to support its issuance of a check for just $92,576.56, far less than what is owed.

20.     To date, Defendant Owners has failed to fully compensate Plaintiff for the benefits due and refused to participate in the appraisal process in good faith as afforded under the Policy.

Defendant Owners' original estimate was already artificially low due to the use of a price list that was two years old, yet Defendant failed to even provide the amounts owed from that estimate.

21. Any conditions precedent, obligations or notices in connection with the claims made herein, to the extent such exist or existed, have been satisfied by Plaintiff Storm Team or Foxfield, and/or Owners has waived such conditions precedent, obligations or notices, and/or Defendant Owners is estopped from denying or limiting coverage based on any alleged failure to satisfy any such conditions precedent, obligations or notices.

### COUNT ONE
### (Breach of Contract)

22. Plaintiff Storm Team incorporates the allegations contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

23. Owners had, and has, a duty under the Policy to pay Plaintiff in connection with the damage caused by or resulting the covered storm at the Property, including, but not limited to, paying the cost to repair the Property.

24. Plaintiff Storm Team demanded that Owners pay Plaintiff in connection with the damage caused by or resulting from the covered storm at the Property, including, but not limited to, paying the cost to repair the Property.

25. Defendant Owners has failed and/or refused to pay Plaintiff Storm Team in connection with the damage caused by or resulting from the covered storm at the Property, including, but not limited to, failing and/or refusing to pay the cost to repair the Property.

26. Defendant Owners wrongfully refused to participate in the appraisal process by refusing to designate an impartial appraiser.

27. Plaintiff has suffered, and continues to suffer, damages directly and proximately caused by Owners' failure and/or refusal to pay Plaintiff in connection with the damage caused by or resulting from the covered storm at the Property, including, but not limited to, failing and/or refusing to pay the cost to repair the Property.

## COUNT TWO
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

28. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

29. There exists in every contract an implied covenant of good faith and fair dealing, and Defendant Owners had, and has, a duty of good faith and fair dealing to Plaintiff in connection with the Policy.

30. Defendant Owners breached its duty of good faith and fair dealing in connection with the Policy by, among other things, unreasonably, willfully, recklessly and/or in bad faith, maintaining its position regarding the use of an outdated price list, amount of covered damages that the Property sustained from a loss covered under the Policy, and the designation of a biased appraiser despite having knowledge of information directly contradicting such position.

31. Plaintiff has suffered, and continues to suffer, damages directly and proximately caused by Defendant Owners' unreasonable, willful, reckless and/or bad faith conduct in connection with these failures.

## COUNT THREE
### (Action for Attorneys' Fees Under S.C. Code Ann. § 38-59-40)

32. Plaintiff incorporates the allegations contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

33. Defendant Owners has failed and/or refused to pay Plaintiff in connection with the damage caused by or resulting from the covered storm at the Property, including, but not limited to, failing and/or refusing to pay the cost to repair the Property, within ninety (90) days of Plaintiff's and/or Foxfield's demand to Defendant Owners for payment within the meaning of S.C. Code Ann. § 38-59-40.

34. Such failure and/or refusal to pay by Defendant Owners was without reasonable cause or in bad faith within the meaning of S.C. Code Ann. § 38-59-40.

## COUNT FOUR
### (Declaratory Judgment)

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

36. Plaintiff is in doubt as to its rights, duties and obligations owed to it pursuant to the Policy, specifically, its right to compel and Owners obligation to participate in appraisal under the Policy.  Thus, Plaintiff is in need of and entitled to a judicial declaration of its rights regarding the same.

37. More specifically, Plaintiff believes coverage is available under the Policy and that it is entitled to invoke its right to appraisal and to compel Owners to participate in the process.

38. Plaintiff has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Owners has failed to meaningfully participate in the appraisal process.  Alternatively, Owners has waived any such conditions and/or are estopped from asserting any defenses related to conditions precedent.  More specifically, Owners has plainly

given notice of all claims and a request for appraisal which are the subject of this lawsuit to OWNERS and/or its designated agents.

39.   Plaintiff has been required to retain the undersigned and is obligated to pay them a reasonable fee for their services.

40.   Plaintiff was assigned all benefits of the insured under the Policy and is entitled to the recovery of its costs and attorneys' fees in the present declaratory judgment action.

41.   All parties having any interest in the declarations sought and all other persons having interest therein or adversely affected are joined in this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court declare the rights of the parties as follows:

    a. That this Court has jurisdiction over the respective parties;

    b. That this Court has jurisdiction over the subject matter;

    c. That the Policy was in full force and effect at all times relevant to the claims.

    d. That the Policy contains an appraisal provision;

    e. That Plaintiff invoked the appraisal provision;

    f. That Owners has failed to honor the appraisal provision.

    g. Awarding Plaintiff pre-judgment interest;

    h. Awarding Plaintiff post-judgment interest;

    i. Awarding Plaintiff its fees and costs.

    j. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

This 19th day of August, 2021.

                        Respectfully Submitted,

                        **BOYLE LEONARD ANDERSON, P.A.**

                        BY  */s/ Laura F. Locklair*
                        Laura F. Locklair
                        Federal Bar No. 11900
                        South Carolina Bar No. 77679
                        9111 W. College Pointe Drive
                        Fort Myers, FL 33919
                        Telephone: (854)800-0804
                        Email:  llocklair@insurance-counsel.com

                        **DALY & BLACK, P.C.**

                        Richard D. Daly, TX Bar #00796429
                        (Pro Hac Vice To Be Filed)
                        Kyle P. Malone TX Bar # 24102128
                        (Pro Hac Vice To Be Filed)
                        2211 Norfolk St., Suite 800
                        Houston, Texas 77098
                        Telephone: (713) 655-1405
                        Facsimile:  (713) 655-1587
                        Email: rdaly@dalyblack.com
                        Email: kmalone@dalyblack.com

                        **ATTORNEYS FOR PLAINTIFF**